UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WALTER SINGLETON,

                       Petitioner,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                       Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:  _____
DATE FILED: March 31, 2015

**ORDER**

13 Civ. 4185 (PGG) (FM)

PAUL G. GARDEPHE, U.S.D.J.:

      Pro se Petitioner Walter Singleton challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his September 21, 2011 applications for disability insurance benefits and Supplemental Security Income ("SSI") benefits. Petitioner's applications were denied on the grounds that he had not demonstrated that he was disabled within the meaning of the Social Security Act. (Dkt. No. 2 ¶ 6) Petitioner seeks an order "modify[ing] the decision of the [D]efendant" and "grant[ing] [him] maximum monthly disability insurance benefits and/or Supplemental Security Income benefits, retroactive to the date of initial disability . . . ." (Id. at 2-3) In the alternative, Petitioner seeks an order "remand[ing] the case to the Commissioner of Social Security for reconsideration of the evidence . . . ." (Id.) On July 8, 2013, this Court referred this case to the Honorable Frank Maas, United States Magistrate Judge. (Dkt. No. 7) The Commissioner subsequently filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Dkt. No. 19)

      On March 2, 2015, Judge Maas issued a Report and Recommendation ("R & R") recommending that the Commissioner's motion be granted. (R & R (Dkt. No. 27)) The R & R notifies the parties that they have fourteen days from service of the R & R to file any objections

pursuant to 28 U.S.C. § 636(b)(1) and Rules 6(a), 6(e), and 72(b) of the Federal Rules of Civil Procedure. (Id. at 26) The R & R further states that "[t]he failure to file timely objections will result in a waiver of those objections for purposes of appeal." (Id.)

On March 18, 2015, this Court received an undated note from Petitioner stating, in pertinent part, as follows:

> I am writing you this letter . . . in response to the 14 day time period[.] I have an objection [to] this report and recommendation, I am asking that this ruling . . . be overturned or [if] [we can] schedule a court date for [a] fair hearing so th[at] [the Court] has [a] better understanding of this situation[.] [I]t has been years now and I am still disabled with a few surger[ies] pending[.] I hope that we can get this case resolved or come to a conclusion as soon as possible[.] I have medical records for that time period but I can't afford to make copies of all of them. . . .

(Dkt. No. 28)[1] This Court interprets Petitioner's letter as (1) requesting leave to submit new evidence to support his case, and (2) making a general objection to Judge Maas's findings in the R & R.

## LEGAL STANDARD

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a timely objection has been made to the magistrate judge's recommendations, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. "'If, however, the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.'" Thomas v. Astrue, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009) (quoting Silva v. Peninsula Hotel,

---

[1] Petitioner's note is post-marked March 14, 2015, and will be treated as timely by this Court. See Dkt. No. 28 at 2.

2

509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007) (citations omitted)). A decision is "clearly erroneous" when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quotation marks and citation omitted).

Although "[t]he objections of parties appearing pro se are generally accorded leniency and should be construed to raise the strongest arguments that they suggest," DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (internal quotation marks and citation omitted), "'[a] pro se party's objections to the Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . .'" Cohen v. Astrue, No. 07 Civ. 535 (DAB) (HBP), 2011 WL 2565309, at *1 (S.D.N.Y. June 28, 2011) (quoting DiPilato, 662 F. Supp. 2d at 340 (citation omitted)). "Parties may not 'attempt to relitigate the entire content of the hearing . . . [and] are not to be afforded a "second bite at the apple . . . ."'" Thomas, 674 F. Supp. 2d at 511 (quoting Camardo v. General Motors Hourly-Rate Emps. Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

**DISCUSSION**

I. **THE ADMINISTRATIVE RECORD**

Judge Maas discusses the medical evidence and administrative record at length, and this Court will not repeat that exercise here. In summary, Petitioner was 34 years old when he applied for benefits. (R & R (Dkt. No. 27) at 3 (citing Administrative Record (Dkt. No. 13) ("A.R.") 76)) He had previously worked as an "environmental mediation technician," and – at the time of the hearing before the Administrative Law Judge ("ALJ") – was working as a greeter at Walgreens. (Id. at 3-4 (citing A.R. 26, 29)) He hurt his right ankle while working as a "Hazmat supervisor," and had taken Aleve for pain. (Id. at 4 (citing A.R. 26)) The Aleve

3

damaged his kidneys. (Id. (citing A.R. 26)) At the time of the hearing, he reported high blood pressure, occasional chest pain, shortness of breath, drowsiness, and trouble sleeping. (Id. (citing A.R. 27-30)) Considered as a whole, the medical evidence in the record indicates that Petitioner is "'[e]mployable with work limitations.'" (Id. at 8-11 (alteration in R & R) (citations omitted)) Petitioner cannot perform jobs that require heavy lifting, manual labor, or long periods of standing or walking. (Id. (citations omitted)) The ALJ concluded, however, that Petitioner had "the [capacity] to perform the full range of sedentary work" and that he was not disabled within the meaning of the Act. (Id. at 14)

## II.   REQUEST TO SUBMIT NEW EVIDENCE

As noted above, Petitioner has submitted a note to the Court stating that he has "medical records for that time period" and requesting "a court date for [a] fair hearing." See Dkt. No. 28 at 1.

"Evidence not contained in the administrative record may not be considered when reviewing the findings of the Commissioner." Casiano v. Apfel, 39 F. Supp. 2d 326, 330-31 (S.D.N.Y. 1999) (citing 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security . . . .")) (collecting cases), aff'd, 205 F.3d 1322 (2d Cir. 2000). Accordingly, Petitioner's request for a hearing is denied.

"Although the Court cannot consider new evidence, this Court may remand to the Commissioner to consider new evidence, 'but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" Id. at 331 (quoting 42 U.S.C. § 405(g)). Under 42 U.S.C. § 405(g), in order to obtain a remand for this purpose,

> [a]n appellant must show that the proffered evidence is (1) new and not merely cumulative of what is already in the record, and that it is (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative. The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the Secretary to decide claimant's application differently. Finally, claimant must show (3) good cause for [his] failure to present the evidence earlier.

Nieves v. Colvin, No. 13 Civ. 0107 (AJN) (AJP), 2014 WL 1377582, at *18 (S.D.N.Y. Apr. 3, 2014) (quoting Jones v. Sullivan, 949 F.2d 57, 60 (2d Cir. 1991) (citations and quotation marks omitted)) (emphasis omitted), report and recommendation adopted as modified, No. 13 Civ. 0107 (AJN), 2014 WL 5089536 (S.D.N.Y. Sept. 22, 2014).

Petitioner's letter does not describe the medical records that he wishes to submit, except that they are "for that time period." (Dkt. No. 28 at 1) The Court interprets Petitioner's statement as indicating that the records pertain to Petitioner's medical condition during the time period for which benefits were denied. However, Petitioner makes no showing that (1) these records are not duplicative of what is already in the record; (2) the records are relevant to his condition for which benefits were denied; (3) this new evidence "would have influenced the [Commissioner] to decide [his] application differently"; or (4) he has good cause for not presenting these records during the administrative proceedings. See Nieves, 2014 WL 1377582, at *18 (emphasis, citation, and quotation marks omitted).

Moreover, the medical reports and evaluations already in the record appear to provide a comprehensive view of Petitioner's condition during the relevant time period. As Judge Maas noted, the ALJ obtained medical records from all three facilities at which Petitioner stated he had been treated. (R & R (Dkt. No. 27) at 16) In addition to Petitioner's treatment records from three different hospitals (see A.R. 151-209), the record includes: evaluation reports from Federal Employment and Guidance Services (A.R. 223-56); evaluations by doctors at the

5

New York University Sleep Disorder Center (A.R. 270-73); two "Wellness Plan Reports" from his treating physicians (A.R. 280-85, 293-94); letters from other doctors regarding Petitioner's conditions (A.R. 292, 297); and consultative examination reports from two other doctors (A.R. 257-61, 263).

Moreover, Petitioner did not indicate during his hearing before the ALJ that he had any additional medical evidence to support his claims. See A.R. 23-34. Indeed, Petitioner first raised this issue in his affirmation opposing the Commissioner's motion for judgment on the pleadings. See Dkt. No. 26. In this affirmation, Petitioner states that he has "updated proof to show the courts," and provides the telephone number of his "primary doctor" – "Ricardo Dunner" – in case the Court "need[s] [the doctor] to fill out any papers." (Id. at 1-2) These statements – like the statements in Petitioner's note objecting to the R & R – do not indicate that Petitioner has any new, material information that is relevant to Petitioner's condition during the time period for which benefits were denied. Instead, the reference to "updated proof" and the inclusion of his current doctor's information suggest that Petitioner's new evidence pertains to his present medical condition. Although Petitioner's note to this Court refers to medical records "for that time period," there is no reason to believe that these records are not cumulative of what is already in the administrative record. Furthermore, Plaintiff does not explain why he did not present this evidence during the administrative proceedings.

Because Petitioner has not shown "that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding," this case will not be remanded to the Commissioner to consider Petitioner's proposed new evidence. See 42 U.S.C. § 405(g).

### III. PETITIONER'S OBJECTION TO THE REPORT AND RECOMMENDATION

In his March 2015 note to this Court, Petitioner states that he "[has] an objection [to] [the] report and recommendation" and "ask[s] that this ruling . . . be overturned." (Dkt. No. 28 at 1) This constitutes a general and conclusory objection. See Cohen, 2011 WL 2565309, at *1 (reviewing the magistrate's R & R for clear error where "Plaintiff's Objection . . . lacks specificity and is merely a general objection and a request for another hearing"); Schoolfield v. Dep't of Corr., No. 91 Civ. 1691 (MJL), 1994 WL 119740, at *2 (S.D.N.Y. Apr. 6, 1994) ("[Plaintiff's] objections are conclusory, stating only that[] this Court's prior opinions denying plaintiff's motions and [the magistrate judge's] recommendation that plaintiff's present motions be denied, are wrong and unjust."). Accordingly, this Court will review Judge Maas's R & R for clear error. See Thomas, 674 F. Supp. 2d at 511.

"The [Social Security] Act's definitions of disability for determining eligibility for disability insurance and for SSI benefits are substantially the same." Snead v. Comm'r of Soc. Sec., 473 F. Supp. 2d 437, 440 (S.D.N.Y. 2007) (citing Hankerson v. Harris, 636 F.2d 893, 895 n.2 (2d Cir. 1980)). A claimant is entitled to SSI or disability insurance benefits where he or she has demonstrated an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Claims for SSI and disability insurance benefits are subject to a five-step analytical framework set forth in the applicable regulations. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

As to whether the record is properly developed, Judge Maas concluded that the ALJ had "satisfied his duty to develop the administrative record by inquiring into Singleton's

medical and work history during the hearing, as well as by securing the relevant medical records from Beth Israel, Mount Sinai, and Bellevue Hospitals, the three facilities that Singleton identified as having provided medical services for him." (R & R (Dkt. No. 27) at 16) Judge Maas noted that Petitioner – in opposing the Commissioner's motion – had provided a telephone number for his primary doctor, Ricardo Dunner (see Dkt. No. 26 at 2), but that there was no reason to believe that Dr. Dunner would have relevant information: Petitioner "never brought [Dr. Dunner] to the attention of the Commissioner" and "[t]here is no suggestion that Dr. Dunner's records would relate to the relevant time period and not be cumulative."[2] (R & R (Dkt. No. 27) at 16)

As to the ALJ's disability analysis, Judge Maas notes that the ALJ had found, at steps one, two, and three, that Petitioner had not engaged in any substantial gainful activity since December 31, 2009; that Petitioner suffered from two severe impairments, including hypertension and osteoarthritis; and that Petitioner did not have impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, subpart P, Appendix 1 ("Appendix 1"). (R & R (Dkt. No. 27) at 14, 17-21 (citing, inter alia, A.R. 15-16)) At step four, the ALJ found that Petitioner had the residual functional capacity ("RFC") to "'perform the full range of sedentary work' because he could 'lift and carry up to ten pounds occasionally,' 'stand or walk for about two hours,' and 'sit for about six hours during an eight-hour workday.'" (Id. at 22 (quoting A.R. 16-17)) At step five, the ALJ found that jobs that Petitioner could perform exist in significant numbers in the national economy. (Id. at 14, 25-26 (citing A.R. 16-18))

---

[2] Judge Maas noted that a Google search concerning Dr. Dunner revealed that he works for "NarcoFreedom," an alcohol and substance abuse treatment center. (Id. at 3 n.4)

8

Accordingly, the ALJ found Petitioner not disabled within the meaning of the Social Security Act. (Id. at 14, 26 (citing A.R. 18))

In his detailed R & R, Judge Maas carefully analyzes the medical evidence concerning Petitioner's medical history as well as the ALJ's reasoning. Judge Maas concludes that, although the ALJ's decision contains several flaws, there is substantial evidence in the record to support the ALJ's finding.

Judge Maas notes that at step three of the analysis, the ALJ found that "Singleton's right ankle osteoarthritis did not meet or medically equal [the listing in Appendix 1] because the record lacked any medical evidence that his impairment 'result[ed] in [an] inability to ambulate effectively.'" (Id. at 18 (citing A.R. 16)) As Judge Maas explains, however, "the ALJ failed to address whether any of Singleton's other impairments met or medically equaled the severity of the [listings in Appendix 1]." (Id. at 19) Despite this omission, Judge Maas concludes that "the only other impairments that Singleton conceivably might have contended were severe were his hypertension and chronic kidney disease," and that "[n]either of these conditions . . . met or medically equaled the requirements of the [listings in Appendix 1]." (Id. at 19) With respect to Singleton's hypertension, Judge Maas finds that "there is no evidence that [it] [a]ffected or impaired any other bodily systems to such an extent as to meet or medically equal the hypertension [listing in Appendix 1]." (Id. at 20) Judge Maas also finds that "Singleton's renal insufficiency similarly did not meet or medically equal the criteria of Listing 6.02, which relates to impairments of renal function." (Id. at 20-21 (citing A.R. 249)) Accordingly, Judge Maas concludes that a remand is not necessary because the record supports the ALJ's finding that Petitioner did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in Appendix 1. (Id. at 19)

Judge Maas also notes that, in reaching his conclusion at step four of the analysis, the ALJ used "boilerplate language [that] has repeatedly been criticized by the courts." (Id. at 22 (citing A.R. 16)) Judge Maas concludes that "[n]evertheless, the evidence in support of the ALJ's credibility analysis is overwhelming." (Id. at 23) He explains that the opinions of both doctors to whom the ALJ gave "significant weight" were "consistent with the ALJ's RFC determination, as well as his determination that Singleton's subjective complaints were not credible to the extent they suggested he could not perform any work." (Id. at 23 (citing A.R. 17, 294, 260) (quotation marks omitted)) Judge Maas also notes that "even Singleton's own testimony lends support to the ALJ's findings," as it demonstrates that Singleton "retained the capacity to undertake work that required only a limited amount of standing."[3] (Id. at 23-24 (citing A.R. 29-31, 121))

Finally, Judge Maas notes that the ALJ did not "expressly consider or discuss [a] two-page report" that "evaluated Singleton's functional capacity as '[t]emporarily unemployable.'" (Id. at 24-25 (citing A.R. 280-81)) Judge Maas concludes, however, that "the ALJ's omission scarcely undercuts his determination, since [the report] neither specifies a time period during which Singleton would be unemployable, nor sets forth an explanation as to why the doctor reached that conclusion." (Id. at 25 (citing A.R. 280-81)) Moreover, Judge Maas notes that "the report expressly indicates that it was completed without a physical examination, based solely on '[a] review of [Singleton's] chart' and a report from an unnamed specialist." (Id. (citing A.R. 280-81))

---

[3] At the hearing, Petitioner testified that he was able to walk for thirty minutes, could stand for about fifteen minutes, and could lift a grocery bag weighing five to ten pounds. (Id. at 23 (citing A.R. 30-31)) Petitioner also testified that he helped his family with cooking and grocery shopping, and that he was then working at Walgreens as a greeter, "a job which involved extensive standing." (Id. at 23-24 (citing A.R. 29-31))

## CONCLUSION

Having reviewed Judge Maas's detailed, careful, and well-reasoned R & R, this Court is satisfied that "there is no clear error on the face of the record." Nelson, 618 F. Supp. at 1189 (citations omitted). Accordingly, this Court hereby adopts Judge Maas's R & R in its entirety, and, for the reasons stated therein, grants the Commissioner's motion for judgment on the pleadings. The Clerk of the Court is respectfully directed to terminate the motion (Dkt. No. 19) and to close this case.

Dated: New York, New York
       March 31, 2015

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge